**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
POLICARPO MORENO ESTRADA,
*individually and on behalf of others similarly*
*situated,*

                                  *Plaintiff,*

           -against-

THERAPY PLLC (D/B/A THERAPY), TOM
JOHNSON, and KASH AMIN,

                               *Defendants.*
-------------------------------------------------------------X

**Index No.: 20-cv-06125-LJL**

**DECLARATION OF**
**MICHAEL FAILLACE IN**
**SUPPORT OF PLAINTIFF'S**
**MOTION FOR DEFAULT**
**JUDGMENT**

       Michael Faillace, an attorney duly admitted to practice in New York and in this Court, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

       1.      I represent Plaintiff Policarpo Moreno Estrada ("Plaintiff") in this lawsuit for, *inter alia*, unpaid wages, statutory notice violations, liquidated damages, pre-judgment interest, costs, and attorneys' fees under the Fair Labor Standards Act, New York Labor Law, and applicable regulations.

       2.      I submit this affirmation in support of Plaintiff's application for a default judgment against Defendants Tom Johnson and Kash Amin[1] (at times, referred to as "Defendants") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

### **Procedural History**

       3.      Plaintiff commenced this action by filing a Complaint (and associated documents) on August 6, 2020.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

---

[1] Plaintiff is not moving for a default judgment against Therapy, PLLC because, upon information and belief, the company is no longer operational.

4.      This is an action to recover damages for unpaid minimum and overtime wages, statutory notice violations, liquidated damages, pre-judgment interest, costs, and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq., "the "FLSA"), the New York Labor Law ("NYLL"), and applicable regulations. *See* <u>Exhibit A</u>, generally, Complaint, for a description of the nature of the claims.

5.      This Court has subject matter jurisdiction of Plaintiff's federal claims pursuant to 29 U.S.C. § 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over Plaintiff's New York state law claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction). *See* <u>Exhibit B</u>.

6.      Service of the Summons and Complaint was properly effectuated on Defendant Tom Johnson on September 30, 2020 by the delivery of a copy of the Summons and Complaint to Mr. Bruno Smith, a person of suitable age and discretion, at Defendant Tom Johnson's place of business, Therapy PLLC (d/b/a Therapy), located at 348 West 52nd Street, New York, NY 10019, and by mailing a copy of same to Defendant Tom Johnson at his place of business, Therapy PLLC (d/b/a Therapy), located at 348 West 52nd Street, New York, NY 10019.  A true and correct copy of the corresponding affidavit of service is annexed as <u>Exhibit B</u>, which Plaintiff filed with the Court on October 8, 2020.

7.      Service of the Summons and Complaint was properly effectuated on Defendant Kash Amin on September 30, 2020 by the delivery of a copy of the Summons and Complaint to Mr. Bruno Smith, a person of suitable age and discretion, at Defendant Kash Amin's place of business, Therapy PLLC (d/b/a Therapy), located at 348 West 52nd Street, New York, NY 10019, and by mailing a copy of same to Defendant Kash Amin at his place of business, Therapy PLLC (d/b/a Therapy), located at 348 West 52nd Street, New York, NY 10019.  A true and correct copy

of the corresponding affidavit of service is annexed as Exhibit C, which Plaintiff filed with the Court on October 8, 2020, 2020.

8.      Defendants did not answer or otherwise respond to the Complaint.

9.      Upon information and belief, Defendants are neither an infant nor an incompetent person, and are not in the active service of the United States military.

10.     Plaintiff moved for entry of default on December 14, 2020.  The Clerk of the Court then noted default against Defendants on December 15, 2020.  True and correct copies of the Clerk's Certificates of Default are attached hereto as Exhibit D and Exhibit E.

11.     The Declaration of Policarpo Morena Estrada in support of this motion for a default judgment is attached hereto as Exhibit F.

## Statement of Facts Supporting Entry of Judgment

12.     Plaintiff has attached a chart documenting his damages at Exhibit G using information supplied by his declaration.

13.     Plaintiff relies upon his declaration to provide the information about his hours worked and pay received and his allegations about Defendant Therapy PLLC's status as an employer.

14.     Plaintiff's damages chart incorporates relevant data from the Complaint and declaration, and portrays Plaintiff's damages based on calculations of such data. *See* Exhibit G.

## Plaintiff is entitled to Judgment by Default

15.     It is well settled that Defendants who fail to file an answer, or otherwise move with respect to a complaint that has been filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d

3

95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

16.     Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declaration, attached hereto, establish Plaintiff's right to a default judgment.

17.     Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

18.     Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages.  Based on the evidence Plaintiff has put forward, he should be awarded damages, including back pay, liquidated damages, and pre-judgment interest, in the amount of $217,483.71, and attorneys' fees and costs in the amount of $7,098.50.

## Plaintiff's Damages Calculation

19.     In the damages chart, Plaintiff's wage and hour damages (including minimum wage damages, overtime damages, liquidated damages, and pre-judgment interest) are calculated by pay periods.  Plaintiff calculated the number of weeks in each pay period and, based upon Plaintiff's Declaration, listed the number of hours he worked per week in each period.  The applicable

minimum wage data, and associated overtime rates, are included as applicable for each pay period. The overtime rate is calculated using a 1.5 multiplier for time and a half overtime.

20. The "Lawful Weekly Pay" calculates what Plaintiff should have been paid per week during each pay period. The actual formula used in this column is as follows: ((the greater of the minimum wage rate or the calculated regular rate of pay) * (Hours Per Week up to 40)) + ((the greater of the minimum overtime rate or the calculated overtime rate of pay) * (Hours Per Week over 40)). The "Credited Weekly Pay" is the amount of wages Defendants actually paid Plaintiff.

21. The shortfall of wages paid to Plaintiff each week is the "Underpayment per Week" and is calculated by subtracting the "Credited Weekly Pay" from the "Lawful Weekly Pay". This figure is then multiplied by the number of weeks in each period to arrive at the total damages due Plaintiff for unpaid minimum wages and overtime wages. Liquidated damages on Wages and OT are 100% of the "Unpaid Wages and OT".

22. The legal bases for the damages calculations within the chart are set forth below.

**Back Pay**

23. At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. From September 15, 2014 to December 30, 2014, the minimum wage rate in New York was $8.00 per hour. From December 31, 2014 to December 30, 2015, the minimum wage rate in New York was $8.75 per hour. From December 31, 2015 to December 30, 2016, the minimum wage rate in New York was $9.00 per hour. From December 31, 2016 to December 30, 2017, the minimum wage under New York law was $11.00 per hour in New York City; on December 31, 2017, it increased to $13.00 per hour in New York City; and on December 31, 2018, it increased to $15.00 per hour in New York City.

5

24.     Under the FLSA, employees must be paid one-and-one half times their regular rate of pay for each hour worked over forty (40) hours in a week. 29 U.S.C. § 207(a)(1).  New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour worked over forty (40) hours in a week. 12 N.Y.C.R.R. § 142-2.2.

25.     The onus is on the employer to maintain proper records of employees' hours worked. 29 U.S.C. § 211(c).  "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, at *8 (S.D.N.Y. 2004) (the court accepted the Plaintiffs estimates of hours worked).  In that case, the Court further ruled that

> [A]n employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.  *Id*. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

26.     In this case, Defendants did not pay Plaintiff minimum wage and overtime compensation at the lawful rates.  Rather, Defendants paid Plaintiff fixed weekly rates throughout his employment that did not vary, regardless of whether he worked in excess of forty hours per week or worked his scheduled hours. *See* Exhibit A, F, and G.

27.     Under the New York Hospitality Industry Wage Order, the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or

the actual number of hours worked by that employee during the work week." 12 NYCRR §146-3.5 (2013).

28.     Accordingly, to determine Plaintiff's unpaid minimum wages, his calculated regular rate of pay is determined by dividing his total weekly earnings (credited weekly pay) by the actual number of hours he worked per week. Then Plaintiff's calculated regular rate of pay is multiplied by 1.5 to determine his calculated overtime rate of pay. *See* Exhibit G.

29.     Plaintiff is owed $90,378.00 in unpaid minimum wages and overtime compensation.  As of February 1, 2021, Plaintiff is entitled to $26,727.71 in prejudgment interest on wages and overtime. *See* Exhibit G.

## Three Year Statute of Limitations Under FLSA

30.     Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a).

31.     Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade*, *Inc.*,  2005 U.S. Dist. LEXIS 9768, at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, *inter alia*, that the employer was "aware of the existence of the FLSA and its overtime requirements.")  Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. *See Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd*, 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

32.     In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements.  However, Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA.  Furthermore, even if Defendants had no knowledge of the FLSA, Defendants' actions are still willful because Defendants failed to investigate whether their compensation policy was legal. *See Hardrick*, 63 F. Supp. 2d at 904.

33.     Moreover, Defendants failed to post required information concerning the minimum wage laws, failed to provide Plaintiff with accurate wage statements, paid Plaintiff in cash, and had no system for recording, or even having Plaintiff record, his hours.  This deliberate decision to disregard both the FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005) ("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotations omitted).

34.     As Plaintiff can establish that Defendants' violation of the FLSA was willful, he is entitled to a three-year limitations period under the FLSA, i.e., starting from August 6, 2017, three years before the complaint was filed. *See, e.g., Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, at *23-24 (S.D.N.Y. 2005).  Furthermore, under the NYLL and applicable regulations, the limitations period is six years, regardless of willfulness. NYLL § 663(3).  Causes of action under the NYLL accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the NYLL should be calculated from August 6, 2014, six years from when the Complaint was filed.

## **Wage Notice and Statement Violations**

35.     Defendants never provided Plaintiff with annual notices of his wages, or accurate wage statements, as required by NYLL §§ 195(1) and 195(3) respectively.

36.     Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000.00 under NYLL § 195(1) and $5,000.00 under NYLL § 195(3), for a total of $10,000.00. *See* Exhibit G.

## **Liquidated Damages**

37.     In this case, liquidated damages of 100% of the unpaid wages under the FLSA are mandatory.  Pursuant to the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260.  In the present matter, Defendants have defaulted.  Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory.  Accordingly, liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime wages.

38.     Likewise, under the NYLL, "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article," the employee is entitled to liquidated damages equal to one hundred percent of the total of such underpayments found to be due unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law. NYLL § 663(1)).

39.     Given the uncontroverted evidence of Defendants' lack of good faith, Plaintiff is entitled by statute to liquidated damages under the NYLL, computed at 100% for any unpaid minimum and overtime wages.

40.     Plaintiff's total unpaid wages equal $90,378.00. Therefore, he is entitled to liquidated damages in the amount of $90,378.00. *See* Exhibit G.

## Prejudgment Interest

60.     Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid wages.  Under New York law, the court may award pre-judgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award for unpaid wages. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001); *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997).  This is because, under New York law, pre-judgment interest compensates the plaintiff for the defendant's interest-free use of the plaintiff's money. *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group*, 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000).  In addition, under New York law, pre-judgment interest can be awarded in addition to liquidated damages.  This is so because, under New York law, liquidated damages are considered a penalty, serving a different purpose as a sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).

61.     Plaintiff calculated prejudgment interest on unpaid minimum wage and overtime wage damages ("back pay") from the midpoints of each pay period to February 1, 2021 at the rate of nine percent (9%).  In that regard, Plaintiff first obtained the midpoint dates between the start dates and end dates of each of Plaintiff's pay periods. *See* Exhibit G.  Plaintiff then calculated the

10

number of days between the midpoint dates and February 1, 2021.  Plaintiff then divided each of

those sums by 365.  Plaintiff then multiplied each of those quotients by 9%, the applicable interest

rate.  Plaintiff then multiplied each of those figures by the amount of unpaid back pay for each of

Plaintiff's pay periods.  Finally, Plaintiff added those results for unpaid back pay.

62.     As of February 1, 2021, Plaintiff is entitled to $26,727.71 in prejudgment interest.

*See* Exhibit G.

### Attorneys' Fees and Costs

63.     The FLSA and the NYLL contain fee-shifting provisions in actions to recover

unpaid wages. Pursuant to the FLSA, "[t]he court in such action shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

and costs of the action." 29 U.S.C. § 216(b).  Under the NYLL, "If any employee is paid by his or

her employer less than the wage to which he or she is entitled under the provisions of this article,

he or she shall recover. . . costs [and] all reasonable attorney's fees." NYLL § 663(1).

64.     Plaintiff incurred costs and attorneys' fees in pursuing this action, and therefore he

seeks an award of reasonable attorney's fees and costs.

65.     A breakdown of attorneys' fees and costs incurred in filing the Complaint and

seeking default, in the form of this firm's standard billing sheet, is attached hereto as Exhibit H.

66.     The costs total $551.00, including a filing fee of $400.00 and fees associated with

serving Defendants with the Summons and Complaint.

67.     The attorneys' fees total $6,547.50, which were incurred for, *inter alia*, reviewing

documents, drafting the Complaint, and drafting the Motion for a Default Judgment.

68.     The timekeepers on this matter are indicated by the following initials and have the

following rates:

a)    "MF" — Michael Faillace, $450 per hour
b)    "WO" – William K. Oates, $400 per hour
c)    "PL" – Paralegal, $125 per hour

A brief biography of each attorney who performed billed work in this matter is as follows:

        i.     Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He has taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998.  He is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute (PLI), and other employment law publications and presentations.

        ii.    William K. Oates is an associate at Michael Faillace & Associates, P.C.  He graduated New York Law School in 1995, and is admitted to the New York Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York.  Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at a number of law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

## Conclusion

69.    Based on the above information and exhibits, Plaintiff asserts that the record supports a judgment against Defendants and in favor of Plaintiff in the total amount of $217,483.71

for unpaid minimum wage damages, unpaid overtime wage damages, liquidated damages, prejudgment interest, and statutory notice violations.  Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

70.    Additionally, Plaintiff is entitled to $7,098.50 in attorneys' fees and costs.

71.    As shown herein, no inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by Plaintiff that allows damages to be calculated with reasonable certainty.

72.    No part of the judgment sought has been paid.

73.    Sufficient definitive information and documentation is provided such that the amount of the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by Plaintiff's Declaration accompanying these motion papers.

74.    Plaintiff also requests interest on the principal amount of the judgment, not to exceed 9%, as stated in both the explanation above and in the damages chart, Exhibit G.

75.    Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of the judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

76.    The calculations made in arriving at the amount of the proposed default judgment are set forth in both the explanation above, and in the damages chart, Exhibit G.

77.    A proposed default judgment is attached as Exhibit I.

78.    For the reasons stated above and in the accompanying exhibits, Plaintiff respectfully requests that the Court grant the within motion for a default judgment in its entirety.

Dated:  New York, New York
        February 1, 2021

                                        /s/ *Michael Faillace*
                                        Michael Faillace, Esq.
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        *Attorneys for Plaintiff*
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        (212) 317-1200